Filed 2/13/26  P. v. Milliman CA3

NOT <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW LYLE MILLIMAN,<br><br>Defendant and Appellant. | C102746<br><br>(Super. Ct. Nos. 22CR-003037, 23CR-000609) |

After defendant Matthew Lyle Milliman pled guilty to possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1))[1] and no contest to continuous sexual abuse of a child under age 14 (§ 288, subd. (a)), the trial court sentenced him to an aggregate term of 10 years eight months.  On appeal, Milliman contends:  (1) the trial court erred when it did not order the correction of an error in the probation report regarding his early childhood trauma, and (2) defense counsel rendered ineffective assistance by not

---

[1]     Undesignated statutory references are to the Penal Code.

1

requesting correction of the error or requesting a continuance to provide evidence to correct the error. We affirm the judgment.

BACKGROUND

A detailed statement of the facts underlying Milliman's convictions is unnecessary. Briefly, in March 2023, a Tehama County Sheriff's deputy responded to a report of child sexual abuse of a 10-year-old victim. The abuse, which included sodomy and various acts of lewd and lascivious conduct, went on for three years. It stopped after the victim reported the abuse at school.

In December 2023, Red Bluff police responded to a call that Milliman was parked outside a Walmart with a shotgun. After detaining Milliman, officers also found methamphetamine in his possession.

An information charged Milliman with multiple counts of sexual abuse. A separate information charged Milliman with several felony firearm offenses and misdemeanor possession. Milliman pled no contest to two counts of committing a lewd act on a child under 14 (§ 288, subd. (a)) and pled guilty to possession of a firearm by a felon (§ 29800, subd. (a)(1)). The remaining counts were dismissed.

At sentencing, defense counsel notified the court that there was an error in the probation report regarding Milliman's history of childhood trauma. Although the report stated that Milliman's father was sentenced to prison for murder when Milliman was three years old, defense counsel notified the court that it was Milliman's father who was murdered when Milliman was three. Referencing the amendments to section 1170 that require courts to consider childhood trauma in sentencing decisions, defense counsel asked the court to consider Milliman's childhood trauma, which showed that Milliman "was not given an opportunity to start out life with a foundation for living a good, law-abiding life." The People argued there was no independent corroboration of the information about any childhood trauma that Milliman may have suffered.

2

In sentencing Milliman, the court stated, "the childhood trauma might explain the drug use. Maybe it would explain away some of the theft. But the childhood trauma does not explain away victimizing an eight-year-old girl and the childhood trauma that that young girl is going to carry with her for the rest of her life."

In case No. 23CR-000609, the court sentenced Milliman to the aggravated term of eight years on one count of committing a lewd act on a child under 14 and the midterm of two years consecutive on the other, and in case No. 22CR-003037, eight months, for an aggregate term of 10 years eight months.

Milliman timely appealed.

DISCUSSION

I. *Failure to Correct Probation Report*

Milliman contends the trial court erred when it did not order correction of the probation report to reflect that Milliman's father was murdered when Milliman was three years old. The failure to correct the error, Milliman argues, was prejudicial because the error could affect him at a future parole hearing or at a future proceeding in another trial court prompted by a change in the law. Milliman has forfeited this claim on appeal.

"A court's reliance, in its sentencing and probation decisions, on factually erroneous sentencing reports or other incorrect or unreliable information can constitute a denial of due process." (*People v. Eckley* (2004) 123 Cal.App.4th 1072, 1080.) Therefore, probation reports submitted to trial courts must contain accurate and reliable information to ensure fundamental fairness to defendants on matters related to those reports. (*People v. Arbuckle* (1978) 22 Cal.3d 749, 754-755; *People v. Bloom* (1983) 142 Cal.App.3d 310, 320 (*Bloom*).) If a defendant believes the probation report is inaccurate or is based on unreliable information, the defendant may present evidence to counter or "correct any portion of the report." (*Bloom*, at p. 320.) A defendant's failure to object to and make an offer of proof as to the alleged errors or omissions in the

3

probation report at sentencing forfeits the claim on appeal. (*People v. Welch* (1993) 5 Cal.4th 228, 234.)

Even though Milliman failed to produce evidence to show that the probation report was inaccurate (*Bloom, supra*, 142 Cal.App.3d at p. 320), the trial court accepted and considered Milliman's statement that his father was murdered when Milliman was just three years old. If Milliman wanted the trial court to order correction of the information about his father in the actual probation report, he was required to make that specific request at sentencing. (*In re Beal* (1975) 46 Cal.App.3d 94, 100-102.) He did not. " ' "[N]o procedural principle is more familiar . . . than that a constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." ' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 880-881.) Milliman's failure to request that the trial court correct the actual probation report forfeits this claim on appeal. (*People v. Welch, supra*, 5 Cal.4th at p. 234.)

## II. *Ineffective Assistance of Counsel*

Milliman's claim that defense counsel rendered ineffective assistance of counsel by failing to request "either correction of the record  or a continuance to provide supporting documentation, and by failing to argue the possible future effect of the error" also fails.

"A criminal defendant's federal and state constitutional rights to counsel [citations] include the right to effective legal assistance." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) To prevail on a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and that the deficient performance prejudiced defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 691-692 (*Strickland*); *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) A reviewing court may reject a claim of ineffective assistance of counsel without addressing both components if

a defendant makes an insufficient showing as to either prong. (*Strickland*, at p. 697.) "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." (*Ibid*.)

To show prejudice, it is not enough for a defendant to show that counsel's performance had some " 'conceivable effect' " on the outcome. (*People v. Brewer* (2021) 65 Cal.App.5th 199, 220.) Milliman must demonstrate, based on the facts in the record, there is a reasonable probability that the outcome of the proceeding would have been different but for counsel's errors. (*Strickland, supra*, 466 U.S. 668 at p. 694.) "[P]rejudice must be established as ' "a 'demonstrable reality,' not simply speculation as to the effect of the errors or omissions of counsel." ' " (*People v. Montoya* (2007) 149 Cal.App.4th 1139, 1151.)

Here, we need not address whether counsel committed error because we conclude Milliman cannot meet his burden to establish prejudice. (*Strickland, supra*, 466 U.S. at p. 697.) Milliman acknowledges that his sentence would not have been different had the probation report been changed. Instead, he argues that "having the probation report corrected would have been a more favorable outcome, even if it did not result in a lighter sentence." He rests this assertion on his claim of future possible harm at a parole proceeding or a proceeding before another trial court. This claim is far too speculative to satisfy Milliman's burden. (*People v. Young* (2005) 34 Cal.4th 1149, 1170.)

For both types of proceedings Milliman identified, the relevance of whether his father was a murderer or a murder victim would pale in comparison to more germane information like Milliman's behavior in custody and Milliman's own criminal history. (*In re DeLuna* (2005) 126 Cal.App.4th 585, 594-595.) A slight possibility that a tribunal, in the future, might consider incorrect information about his father's murder and might rely on that information to render an unfavorable decision to Milliman is far too speculative to demonstrate a miscarriage of justice that would warrant reversal. (Cal. Const., art. VI, § 13; *People v. Williams* (1988) 44 Cal.3d 883, 933.) More importantly,

5

if a tribunal were to materially rely on inaccurate information about his father's murder, Milliman would have the opportunity to correct the inaccuracy with evidence at that time or would have a remedy if the tribunal refuses to make the correction despite evidence from Milliman. (*Bloom, supra*, 142 Cal.App.3d at p. 320; *People v. Phillips* (1977) 76 Cal.App.3d 207, 215.)

We conclude Milliman has not met his burden to demonstrate prejudice from counsel's alleged error. (*Strickland, supra*, 466 U.S. at p. 697.) His claim for ineffective assistance of counsel, therefore, fails.

DISPOSITION

The judgment is affirmed.

/s/
_____
EARL, P. J.

We concur:

/s/
_____
HULL, J.

/s/
_____
FEINBERG, J.